UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANNA RYAN, | ) | |
| As Personal Representative | ) | |
| of the Estate of EDDIE RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:05-CV-162 |
| | ) | |
| PHILIP MORRIS USA, INC., | ) | |
| R.J. REYNOLDS TOBACCO | ) | |
| COMPANY, BROWN & | ) | |
| WILLIAMSON CORPORATION, and | ) | |
| COMMONWEALTH BRANDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Joint Motion to Dismiss filed by Defendants Philip Morris USA, Inc. ("Philip Morris"), Brown & Williamson Holdings, Inc. ("Brown & Williamson"), and Commonwealth Brands, Inc. ("Commonwealth"), (also referred to collectively as "Defendants").[1]  For the following reasons, the motion to dismiss is GRANTED in part and DENIED in part.

---

[1] This case was originally filed in the Jay Circuit Court, Jay County, Indiana, on April 8, 2005, and was removed to this court by the Defendants on May 12, 2005.  According to statements included in the briefs submitted by the Defendants, statements not contested by the Plaintiff, Defendant R.J. Reynolds was not served in the State court action or in this Federal action.  Nonetheless, R.J. Reynolds apparently affirmatively represented through its counsel that it did not oppose removal.  See Docket at 2.  However, because R. J. Reynolds has not been served, nor has an appearance been filed on behalf of the company, it has not joined in this joint motion to dismiss.

**MOTION TO DISMISS STANDARD**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case.  Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, this court considers whether relief would be possible under any set of facts that could be established consistent with the allegations in the complaint.  *Venture Associates Corp. v. Zenith Data Systems*, 987 F.2d 429, 432 (7th Cir.1993). Generally, "mere vagueness or lack of detail does not constitute grounds for a motion to dismiss."  *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985).  When considering a defendant's motion to dismiss the court must view the complaint's allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  All well-pleaded facts and allegations in the plaintiff's complaint must be taken to be true, *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir.1986), and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. "Furthermore, a complaint is not required to allege all, or any, of the facts logically entailed by the claim ...  [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."  *American Nurses Assn. v. State of Illinois*, 783 F.2d 716, 727 (7th Cir.1986).

As stated in <u>Satyshur v.  General Motors Corp.</u>, 38 F.  Supp.  2d 744, 746 (N.D. Ind. 1999):

> In determining the propriety of dismissal under Fed.R.Civ.P. 12(b)(6), the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff.  The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits.  The court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

**DISCUSSION**

Plaintiff Anna Ryan brought this action as Personal Representative of the Estate of Eddie Ryan, her deceased husband. Ryan alleges that the Defendants are liable for compensatory and punitive damages arising from the death of her husband. Ryan alleges that her husband, a cigarette smoker for most of his life, died as a result of illness and/or disease caused from smoking. More specifically, she alleges that her husband's death was the result of certain acts and/or omissions by the Defendants. In her amended complaint, Ryan alleges several causes of action against the Defendants.[2] She asserts causes of action for products liability, negligence, and fraud, as well as a claim for punitive damages.

**Common law negligence and fraud claims**

The Defendants argue in their motion that Ryan's claims should be dismissed for several reasons. First, they claim that Ryan's claims for negligence and fraud "are precluded by the Indiana Products Liability Act." Joint Motion to Dismiss, Docket at 29, p. 2. Second, they claim that Ryan's "fraud claims should be dismissed for failure to state a claim upon which relief can be granted . . . ." *Id*. They further state that Ryan's "fraud claims . . . have not been pleaded with the requisite particularity as required by Federal Rule of Civil Procedure 9(b)." *Id*. Finally, Defendants state that Ryan "cannot maintain a claim for punitive damages under the Indiana Wrongful Death Statute . . . ." *Id*.

For purposes of the present motion, the first premise articulated by Defendants is the crucial one. Because the court agrees that all of Ryan's claims are preempted, or supplanted, by

---

[2] The original complaint filed in state court alleged only an action for fraud. The Amended Complaint filed in this court added claims for products liability and negligence. The request for punitive damages was common to both complaints.

the Indiana Products Liability Act (hereinafter referred to simply as the "IPLA"), the motion to dismiss will be granted with respect to Plaintiff's common law claims for negligence and fraud. The motion will be denied, however, with respect to Plaintiff's product liability claims under the IPLA.

The Indiana Products Liability Act is codified at I.C. § 34-20-1-1, *et seq.* The first section of the article states as follows:

> This article governs all actions that are:
>
> (1) brought by a user or consumer;
> (2) against a manufacturer or seller; and
> (3) for physical harm caused by a product;
>
> regardless of the substantive legal theory or theories upon which the action is brought.

I.C. § 34-20-1-1. Defendants argue, therefore, that all of Ryan's common law claims, regardless of how they are phrased or characterized, are pre-empted by the IPLA, and must be dismissed. According to Defendants, "Plaintiff's common law negligence and fraud claims should be dismissed because they are precluded by the Indiana Products Liability Act . . . . In Indiana, the IPLA 'provides the sole and exclusive remedy for personal injuries allegedly caused by a product.'" Defendants' Brief in Support of Their Motion to Dismiss ("Brief in Support"), Docket at 30, p. 3 (citing *Stegemoller v. ACandS, Inc.*, 767 N.E.2d 974, 976 (Ind. 2002)). In *Stegemoller*, the Indiana Supreme Court held that "it was 'clear the legislature intended that the [IPLA] govern all product liability actions, whether the theory of liability is negligence or strict liability in tort.'" *Stegemoller*, 767 N.E.2d at 975 (citation omitted).

In their brief, Defendants also cite (among several others) the case of *Butler v. City of Peru*, 733 N.E.2d 912 (Ind. 2000). In the *Butler* case, the Indiana Supreme Court again

addressed the issue of the preemptive effect of the IPLA.  The court explained as follows:

> The [Plaintiffs'] complaint alleged ten counts, each asserting negligence on the part of Peru.  The complaint was filed on January 13, 1995.  The law in effect at that time provided that the Product Liability Act "governs all actions in which the theory of liability is strict liability in tort." Ind.Code § 33-1-1.5-1 (1993).  None of the [Plaintiffs'] theories were based upon strict liability, and the [Plaintiffs] argued against the application of the Product Liability Act in their lower court briefs. . . . This section was amended effective July 1, 1995, *see* Pub.L. No. 278-1995, § 1, 1995 Ind. Acts 4051, to apply to "all actions brought by a user or consumer against a manufacturer or seller for physical harm caused by a product regardless of the substantive legal theory or theories upon which the action is brought" and has since been recodified at Indiana Code § 34-20-1-1 (1998), *see* Pub.L. No. 1-1998, § 15, 1998 Ind. Acts 125.

*Butler*, 733 N.E.2d at 918 (including n. 2).

In her response to the motion to dismiss, Ryan argues that "[i]t is clearly not the intent of the [IPLA] to abrogate the common law theory of fraud."  Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Brief in Opposition"), Docket at 39, p. 1.  In support of this argument, Ryan cites the case of *Whitted v. General Motors Corp.*, 58 F.3d 1200 (7th Cir. 1995), wherein the Seventh Circuit held that "[t]he [IPLA] only applies to product liability actions based on strict liability and not negligence."  However, as Defendants point out in their reply brief, *Whitted* was decided *prior* to the Indiana Legislature's 1995 amendments to the IPLA.  Defendants' Reply, Docket at 40, p. 2.  In that reply brief, Defendants cite several cases dealing with this precise issue, and clearly holding that, at least after the 1995 amendments were enacted, the IPLA applies to all product liability cases brought in Indiana, *regardless* of the legal theory upon which those cases are based.[3]

---

[3] In addition to the *Stegemoller* and *Butler* cases discussed above, Defendants also cite *Progressive Ins. Co. v. GM Corp.*, 749 N.E.2d 484, 487 (Ind. 2001) and *Bourne v. Marty Gilman, Inc.*, 2005 WL 1703201 (S.D. Ind. 2005), which both discuss the preemptive effects of the IPLA over common law claims for injury and damages resulting from the use of a "product."

In her response to the motion to dismiss, Ryan does not attempt to argue that her claims for negligence are not abrogated by the IPLA. Instead, after citing *Whitted*, she argues that her claim for *fraud* is not preempted as well. According to Ryan, "[f]raud is an intentional act which in no manner is dealt with under the Indiana Products Liability Act." Plaintiff's Response, p. 2. Aside from the *Whitted* decision, which as discussed predated the 1995 amendments to the IPLA, Ryan cites no authority for this argument.

Ryan's arguments have no foundation in light of the state of product liability law as it has existed in Indiana since 1995. The express wording of the statute, as well as the clear holdings of the Indiana Supreme Court in *Stegemoller* and *Butler*, among other cases, make it clear that all of Ryan's claims fall within the purview of the IPLA. This is true not only of Plaintiff's negligence claims, but her fraud claims as well.

Given that Plaintiff's Amended Complaint asserts state common law claims for negligence as well as fraud, those claims must be dismissed. In light of this holding, the court need not address the issue of the sufficiency of Plaintiff's pleading with regard to allegations of fraud. Whether Plaintiff has pleaded fraud with "sufficient particularity" as mandated by Fed.R.Civ.P. 9, or whether Plaintiff's allegations of fraud are sufficient under Fed.R.Civ.P. 12(b)(6), are effectively moot, since no independent cause of action for fraud can be maintained based on the facts of this case.[4]

---

In addition, the Indiana Supreme Court noted in dicta in the case of *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 152 (Ind. 2005) that the IPLA had been amended to include both strict liability and negligence causes of action.

[4] This is not to say, however, that Plaintiff's factual assertions and allegations, if proven, could not support a claim under the IPLA. Obviously, the court makes no determination at this point as to the evidentiary sufficiency of those assertions.

The dismissal of Ryan's common law negligence and fraud claims does not, however, equate to a dismissal of this case altogether. While Ryan's Amended Complaint does not specifically mention the IPLA, it does state that she is asserting a claim or claims for "products liability." Amended Complaint, p. 2. The Complaint also contains numerous detailed factual allegations in support of such claims. Defendants, in fact, do not expressly move the court to dismiss the case in its entirety, although such an argument might be reasonably inferred from their motion and briefs. What Defendants request is that "this Court should dismiss plaintiff's common law negligence, fraud and punitive damages claims, and grant any other relief this Court deems just and proper." Joint Motion to Dismiss, p. 2. But while a review of Ryan's Amended Complaint and the applicable law reveals that she cannot pursue common law negligence and fraud claims, the dismissal of those claims does not foreclose her from pursuing recovery under the IPLA based on the same factual allegations. Therefore, while the motion to dismiss will be granted as to those common law claims, such a ruling constitutes only a partial granting of Defendants' motion.

**Punitive Damages Claim**

The court now turns to Plaintiff's claim for punitive damages. Defendants argue that "[t]he wrongful death statute does not allow punitive damages." Brief in Support, p. 9. In support of their position, Defendants cite Indiana Code section 34-23-1-2(c)(2)(B), the applicable provision of the Indiana Wrongful Death statute, and the preeminent case on the issue, *Durham v. U-Haul Int'l.*, 745 N.E.2d 755 (Ind. 2001). In her response, Ryan argues that "Defendants have shown a reckless and outrageous indifference to a highly unreasonable risk of harm, and have acted with a conscious indifference to the health, safety and welfare of others . . .

." Brief in Opposition, p. 3. She then enumerates several ways in which she claims Defendants have demonstrated such reckless and outrageous conduct. *Id.* Ryan then cites the *Bourne* case, supra, for the proposition that a plaintiff's common law negligence claim against a manufacturer or seller of a product "is not dismissed but is more properly merged with the statutory claim under the IPLA, which includes elements of negligence." *Bourne*, 2005 WL1703201 at n. 2. Apparently, then, Ryan is arguing that if her negligence claim is in fact preempted by, or merged into, the IPLA, she can nevertheless maintain a claim for punitive damages under the statute since it essentially codifies the elements of negligence with regard to product liability claims. Since punitive damages are available in Indiana as a result of a defendant's reckless and/or outrageous conduct in a negligence action, Ryan's reasoning is that such a damage claim survives notwithstanding the application of the IPLA to her substantive legal claims.

Ryan cites no authority directly on point to support this argument. The reason for that failure, no doubt, is because no such authority exists. After an exhaustive search of the Indiana Product Liability Act and all relevant cases dealing with the Act, the court was unable to find any authority for *or* against the proposition that punitive damages are available to a plaintiff who prevails under the Act. The Act itself is silent on the subject. Likewise, Defendants do not cite any authority in support of their own argument that punitive damages are *not* available under the Act. Rather, they cite the Indiana Wrongful Death Act and applicable cases to support their argument (which is a correct one) that punitive damages are not available under that Act. Since Ryan, however, alleges that her husband died as a direct result of the wrongful acts and/or omissions of the Defendants, they are apparently arguing that any claim for damages Ryan may

8

have under the IPLA is, for all practical purposes, one for the wrongful death of her husband.[5]

Indiana law does provide for punitive damages in negligence cases in certain instances. See, e.g., *Allstate Ins. Co. v. Hennings*, 827 N.E.2d 1244, 1250 (Ind. App. 2005) ("as a matter of law, punitive damages may be awarded only if there is clear and convincing evidence that the defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing."); *see also, America's Directories Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059 (Ind. App. 2005). And, in fact, a claim for punitive damages was allowed by the trial court, and awarded by the jury, in *Ford Motor Co. v. Ammerman*, 705 N.E.2d 539 (Ind. App. 1999). In *Ammerman*, the plaintiffs brought an action for personal injuries against Ford Motor Company under various theories of liability, including claims under the IPLA. The trial court allowed plaintiffs to submit a claim for punitive damages to the jury, which awarded approximately $58 million in punitive damages to plaintiffs. The trial court subsequently reduced, but did not eliminate, that award.

In the instant case, while Defendants are correct that the Indiana Wrongful Death Act does not permit a claim for punitive damages, it does not automatically mean that Ryan's claim for punitive damages should be dismissed simply because it arises from the death of her husband. Rather, her Amended Complaint asserts a claim for punitive damages against Defendants based on what she alleges was their reckless, wanton, and knowing conduct in manufacturing and supplying a product that was unreasonably dangerous. Accordingly, it cannot

---

[5] Ryan's Amended Complaint makes no specific reference to the Indiana Wrongful Death Act. It does, however, state that "as a proximate result of the conduct of defendants plaintiff has been damaged as follows: a. Death of Anna Ryan's husband; b. Loss of services; c. Medical and burial expenses." Amended Complaint, Docket at 22, p. 2.

be said that Ryan's claim for punitive damages must be dismissed, especially at this point in the case.  Again, when ruling on a motion to dismiss, the court assesses the sufficiency of the plaintiff's complaint, and "may dismiss the [claim] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

## CONCLUSION

For the reasons discussed and set forth herein, the Joint Motion to Dismiss filed by Defendants Philip Morris USA, Inc., Brown & Williamson Holdings, Inc., and Commonwealth Brands, Inc., is GRANTED as to Plaintiff Anna Ryan's common law claims of negligence and fraud, and DENIED as to Plaintiff's claims under the Indiana Products Liability Act and her claim for punitive damages.

Dated: February   22,  2006.

       /s/   William C. Lee
William C. Lee, Judge
United States District Court