UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANNA RYAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EDDIE RYAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:05-CV-162-TS |
| PHILLIP MORRIS USA, INC., R.J. REYNOLDS TOBACCO COMPANY, BROWN & WILLIAMSON CORPORATION, COMMONWEALTH BRANDS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Anna Ryan, in her capacity as the personal representative of the estate of Eddie Ryan, has sued Defendants Phillip Morris USA, Inc., R.J. Reynolds Tobacco Company, Brown & Williamson Corporation, and Commonwealth Brands, Inc., for the wrongful death of her husband. The Defendants have moved for dismissal of the Complaint under Rule 12(b) on the grounds that the Plaintiff does not have standing to sue under Indiana's Wrongful Death Act and that, therefore, this Court lacks subject matter jurisdiction over the matter. The Defendants have also moved to strike an affidavit that the Plaintiff filed in response to the Defendants' Motion to Dismiss. Both motions have been fully briefed.

**BACKGROUND**

The Plaintiff's husband, Eddie Ryan, died on April 10, 2003, as a result of lung cancer. On April 8, 2005, the Plaintiff petitioned the Jay County Circuit Court Probate Division to

appoint her as the personal representative of Eddie Ryan for the sole purpose of collecting damages for wrongful death. In the petition's prayer for relief, the Plaintiff requested an order appointing her as "personal representative of the Estate of Eddie L. Ryan for the sole purpose of collecting damages for the wrongful death of the decedent and directing issuance of Letters of Administration upon proper qualification in the manner provided by law; namely the posting of a minimum bond." (DE 78, Ex. A, Petition.) On this same date, the court entered an order appointing the Plaintiff as Eddie Ryan's personal representative for the purpose of collecting damages for wrongful death. The order stated that the clerk of the court shall issue Letters of Administration upon the Plaintiff "taking an oath and posting a bond." Indeed, on April 8, 2005, the Plaintiff's Oath was filed and the clerk issued and filed Letters of Administration. There is no record that the court set the amount of any bond or that the Plaintiff filed a bond.

On April 8, 2005, the Plaintiff, as personal representative of the Estate of Eddie Ryan, filed a Complaint against the Defendants in the Jay County Circuit Court. The Complaint alleged that Eddie Ryan died from lung cancer caused by smoking fraudulently marketed "low tar" cigarettes manufactured and sold by the Defendants. On May 12, 2005, the Defendants who had been served with the Complaint removed it to federal court on the basis of diversity jurisdiction. The Plaintiff filed an Amended Complaint on July 20, 2005.

On September 7, 2005, Defendants Philip Morris, Commonwealth Brands, and Brown & Williamson filed separate answers and a joint motion to dismiss. As a result of this motion, the Court dismissed the Plaintiff's common law negligence and fraud claims. The Plaintiff's claim under the Indiana Product Liability Act remained pending.

Defendant Commonwealth Brands filed an amended answer on September 28, 2005. On

April 13, 2006, Defendant Reynolds filed its Answer.

On November 8, 2006, the Defendants filed a Joint Motion to Dismiss. The basis of the Motion was that the Plaintiff did not have standing to sue for wrongful death because she was not properly appointed as the personal representative when she failed to post a bond. The Defendants argued that, without standing, the Court did not have jurisdiction over the subject matter.

On December 12, 2006, the Plaintiff filed her brief in opposition to the Defendants' Motion. The Plaintiff attached the affidavit of Brian D. Hutchinson, Judge of the Jay Circuit Court. The affidavit was submitted for the purpose of explaining that the court did not require the Plaintiff, as the widow of the decedent, to file a bond as a condition of her appointment as personal representative and that the court directed the issuance of the Letters of Administration.

On December 21, 2006, the Defendants replied and moved to strike the affidavit. On January 8, 2007, the Plaintiff opposed the Defendants' motion to strike. On January 11, the Defendants filed their reply brief in support of dismissal.

## DISCUSSION

Whether the Plaintiff can assert a claim for wrongful death is a matter of Indiana state law. "A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir.1994)); *see also Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002) ("When a federal court exercises diversity jurisdiction, it merely serves as a neutral forum in which to present state law

claims" and "[a]s such it must apply applicable substantive state laws to the case before it.")

"In Indiana it is well established that the right to maintain an action for wrongful death is purely statutory and did not exist at common law." *Gen. Motors Corp. v. Arnett*, 418 N.E.2d 546, 548 (Ind. Ct. App. 1981). The wrongful death statute in Indiana provides:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years.

Ind. Code § 34-23-1-1. Under this statute, there are two conditions precedent to an Indiana wrongful death cause of action: (1) the plaintiff must be appointed the personal representative of the decedent within two years of death; and (2) the suit must be brought within the same two years. *Gen. Motors Corp*, 418 N.E.2d at 548. The Defendants challenge the first condition; they argue that the Plaintiff was not appointed as the personal representative of her deceased husband because she did not post a bond. Therefore, they argue, she did not have standing to sue for his wrongful death. *See Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind. Ct. App. 1999) ("[I]t is clear under Indiana law that only the decedent's personal representative may prosecute a wrongful death claim."); *South v. White River Farm Bureau Co-op*, 639 N.E.2d 671, 673 (Ind. Ct. App. 1994) ("Indiana's wrongful death statute grants the right to maintain a wrongful death action only to the personal representative of the decedent.")

The issue created by the Defendants' Motion is whether the Plaintiff was the personal representative of the decedent at the time she filed this lawsuit on April 8, 2005. It is not clear whether Indiana's personal representative requirement is a matter of standing that affects the

4

federal court's subject matter jurisdiction, or whether it is simply an element of the claim, for which a failure to meet supports dismissal because there is no viable cause of action. Neither party has pointed to a case, and this Court has found none, that has dismissed a wrongful death action for lack of subject matter jurisdiction when the plaintiff was not properly appointed as the personal representative. Moreover, even if this court does lack jurisdiction over the subject matter, dismissal is not appropriate. Rather, because the case was removed from state court, it would have to be remanded to the state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") However, this Court need not determine whether analysis under Rule 12(b)(1) or under Rule (12)(b)(6) is more appropriate because, under either standard, the Plaintiff was the personal representative of the decedent when she filed this suit and, thus, met the conditions precedent to filing a wrongful death action under Indiana statute.[1]

"The trial court has 'complete discretion' in the appointment of special administrators." *In re Estate of Hutman*, 705 N.E.2d 1060, 1063 (Ind. Ct. App. 1999) (citing *Matter of Estate of*

---

[1] The Court acknowledges that Rule 12(b) requires that a court treat motions to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). In this case, the parties have presented matters outside the pleadings in support of their relative position regarding dismissal. The Defendants attached a Certified Copy of the Probate Court File, which included: the Plaintiff's Petition to Appoint Administrator; the Court Order Appointing Administrator; Letters of Administration; Personal Representative's Oath; and Civil Notice Verification List. (DE 78, Ex. A.) In response to the Defendants' Motion, the Plaintiff submitted the Affidavit of Brian D. Hutchinson, the Judge of the Jay County Circuit Court, who presided over the Plaintiff's Petition to Appoint Administrator.

The outside matters presented in this case do not require conversion to a Rule 56 motion. Despite the language of Rule 12(b), the court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Therefore, the Court may take judicial notice of the Certified Copy of the Probate File and consider it on the Defendants' Motion to Dismiss. *Henson*, 29 F.3d at 284 (holding that the court properly considered public court documents filed in an earlier Indiana state case when deciding the defendant's motion to dismiss). The affidavit filed by the Plaintiff does not require conversion because the Court has excluded it from its consideration.

5

*Sandefur*, 658 N.E.2d 719, 723 (Ind. Ct. App. 1997)). The person only need be competent under the circumstances described in the probate code. *Id.* The Defendant has not established that the trial court lacked jurisdiction or authority to appoint the Plaintiff as the personal representative. The Defendant argues only that the court's order of appointment required the filing of a bond that the Plaintiff never filed. Indiana statute addresses when a personal representative is required to file a bond.

> Sec. 2.5. (a) Except as provided in subsection (c), a personal representative is not required to execute and file a bond relating to the duties of the personal representative's office under this chapter unless:
>
> (1) the will provides for the execution and filing of a bond; or
> (2) the court finds, on the court's own motion or on motion by an interested person, that a bond is necessary to protect creditors, heirs, devisees, and legatees.
>
> (b) If a bond is required under subsection (a):
>
> (1) the amount of the bond shall be determined by the court; and
> (2) the bond shall be administered;
> under IC 29-1-11.
>
> (c) If a personal representative is not an Indiana resident or ceases to be an Indiana resident, the personal representative shall execute and file a bond under IC 29-1-10-1. The amount of the bond may be adjusted at the court's discretion.

Ind. Code § 29-1-7.5-2.5. Section 29-1-11-1, similarly provides:

> Sec. 1. A personal representative is not required to execute and file a bond relating to the duties of his office unless:
>
> (1) the will provides for the execution and filing of such a bond; or
>
> (2) the court finds, on its own motion or on petition by an interested person, that a bond is necessary to protect creditors, heirs, legatees, or devisees.

Ind. Code § 29-1-11-1. Therefore, under Indiana statute, a personal representative need not execute and file a bond except under specific circumstances that are not present in this case: the

6

Plaintiff is not a nonresident; the will of the decedent did not require a bond; and the court did not determine that a bond was necessary to protect creditors, heirs, legatees, or devisees. Although the court's order referred to the filing of a bond, the court did not make a finding that such bond was necessary, nor did it determine the amount of any bond or when it was to be filed.

Even if a bond was required, the court did not vacate its appointment or rescind or revoke the clerk's letters after the Plaintiff failed to file the bond. Indiana code § 29-1-11-7 provides that if a personal representative does not give a bond as required by the court, another person shall be appointed and, if any letters have been issued, they "shall be revoked." The Defendants point to this statutory language as evidence that the Plaintiff was not properly appointed as the personal representative of the decedent. The statute does not prove the Defendants' position. All the statutory language does is direct what action a court should take if a bond is required and is not given within the time fixed by the court. It does not act to automatically vacate or void an appointment without court action. In fact, it anticipates that a personal representative can be appointed and letters of administration issued even before a bond is posted. Thus, the court's order of appointment and the letters of administration still remain in effect.

Taking the analysis a step further, even if the appointment was revoked some time after April 8, 2005, the Defendants have not established that it would have changed the Plaintiff's status as the personal representative of the deceased on that date, or the date she filed suit. In *Daniels v. USS Agri-Chemicals*, 965 F.2d 376 (7th Cir. 1992), the defendant argued, similar to this case, that the plaintiff was not properly appointed as the personal representative of her deceased husband at the time she filed the wrongful death action. An Illinois court had, in fact, appointed the plaintiff as the personal representative. Following her appointment, she filed a

complaint for damages under the Illinois Wrongful Death Act. The defendant removed the case to federal district court in Illinois on the basis of diversity jurisdiction. The defendant also argued that the Illinois Wrongful Death Act did not apply and that the plaintiff did not meet the state's statutory requirements for appointment because she was not an Illinois resident. The plaintiff petitioned the district court to appoint her as the personal representative of her husband's estate under Indiana law for the purpose of asserting a claim under the Indiana Wrongful Death Act and sought to amend her complaint. The court granted her motions and, later, vacated her earlier appointment as special administrator under Illinois law.

The defendant then moved for summary judgment, arguing that the plaintiff did not comply with the two conditions precedent to maintaining a wrongful death action in Indiana. The Seventh Circuit, in reversing the district court's grant of summary judgment, held that because the plaintiff had been appointed at the time she filed her complaint, the "vacation did not retroactively render the appointment a nullity." *Daniels*, 965 F.2d at 382 (holding that "unless [the plaintiff's] appointment was void *ab initio*, [she] was in fact the personal representative of her husband at the time she filed her suit and thus fulfilled the condition precedent of the Indiana Act"). The court noted that even though the appointment may have been erroneous, it was not void. *Id.* at 383. "Although [the plaintiff] (or, more realistically, her lawyer) made technical mistakes, she nevertheless managed to fulfill both conditions of suit under the Indiana Act." *Id.*

If the invalid appointment in *Daniels* was not void from the beginning even though the representative did meet the statutory resident requirement, then an attorney's use of probate forms referring to a bond that was never set by the court would not void the court's

8

appointment.[2] The Defendants have not established that the Plaintiff's appointment was void *ab initio* or that the Plaintiff's Complaint otherwise establishes that she failed to meet the conditions precedent to filing a wrongful death action under Indiana law. Accordingly, the Defendants' motion to dismiss is denied and the Court continues to exercise jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1332.

Because the Court did not consider the Affidavit of Brian D. Hutchinson in deciding the Defendants' Motion to Dismiss, the Defendants' Motion to Strike the Affidavit is denied as moot.

## CONCLUSION

For the foregoing reasons, the Defendants' Joint Motion to Dismiss [DE 77] is DENIED, and the Defendants' Motion to Strike [DE 88] is DENIED as MOOT.

SO ORDERED on January 26, 2007.

            s/ Theresa L. Springmann
            THERESA L. SPRINGMANN
            UNITED STATES DISTRICT COURT

---

[2] The Plaintiff's petition for appointment of special administrator tracks the language of 25 Ind. Practice Series, Anderson's Probate Forms § 16.2 (2006–07 ed.)

9